UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| Chambers of<br>**GEORGE L. RUSSELL, III**<br>United States District Judge | 101 West Lombard Street<br>Baltimore, Maryland 21201<br>410-962-4055 |

June 13, 2024

MEMORANDUM TO PARITES RE:   <u>Jeffries v. Rebecca A. Herr</u>
Civil Action No. GLR-24-1317
Related Case No. GLR-24-1455

Dear Parties:

Pending before the Court is Self-Represented Appellant Keith Jeffries' Emergency Motion to Reinstate the Automatic Stay (ECF No. 11) and Motion for Expedited Consideration of the Motion to Reinstate the Automatic Stay (ECF No. 12). The Motions are ripe for disposition, and no hearing is necessary. <u>See</u> Local Rule 105.6 (D.Md. 2023). For the reasons set forth below, the Court will grant the Motion for Expedited Consideration of the Motion to Reinstate the Automatic Stay and deny the Emergency Motion to Reinstate the Stay.

**<u>Background</u>**

Keith Jeffries, the Debtor, and Emiko Jeffries, the Co-Debtor, filed a Chapter 13 Bankruptcy Petition on September 19, 2022. (ECF No. 4-1). Emiko Jeffries also filed a related case on February 13, 2023. (Emiko Jeffries Docket, GLR-24-1455, ECF No. 1). Keith Jeffries had previously filed in Maryland Bankruptcy Court three other times (Case Nos. 22-11479, 18-15181, and 18-21205), all of which had been dismissed, and Emiko Jeffries had previously filed in Maryland Bankruptcy Court once before (Case No. 19-12436), and her prior case was dismissed. The filings all concern 1310 Mayflower Drive, Bel Air, MD 21015 (the "Property"). According to Keith Jeffries, a foreclosure sale on the Property is scheduled for June 20, 2024. (Mot. for Expedited Consideration at 2, ECF No. 12).[1] Deutsche Bank National Trust Company ("Deutsche Bank"), a secured creditor, is a beneficiary of a trust deed on the Property. (ECF No. 4-22). Deutsche Bank had elected to initiate foreclosure proceedings on the Property but was prevented from moving forward with the proceedings by various automatic stays entered into throughout these multiple bankruptcy proceedings. (Mot. for In Rem Relief from Stay at 4, ECF No. 4-30).

Deutsche Bank filed a motion seeking relief from the automatic stay of 11 U.S.C. § 362 (a), as well as from the Co-Debtor Stay of 11 U.S.C § 1301(a), to enable it to obtain an in rem order granting relief from the automatic stay and for an equitable servitude as to the Property for a period of two years. (ECF No. 4-30). Deutsche Bank notified Keith Jeffries that he must oppose the Motion by January 3, 2023 and that a hearing on the matter was scheduled. (Mot. for In Rem Relief from Stay at 11–12; January 20, 2023 Notice at 1, ECF No. 4-33). Neither Keith Jeffries

---

[1] Citations to the page numbers refer to the pagination assigned by the Court's Case Management/Electronic Case Files ("CM/ECF") system.

nor Emiko Jeffries filed an opposition, filed an Answer, or appeared at the hearing. (January 30, 2023 Order at 2, 4–37).

In a January 30, 2023 Order, the Bankruptcy Court granted Deutsche Bank's Motion in full. (Id. at 2–4). Keith Jeffries filed a motion for reconsideration of the Order. (ECF No. 4-41). The Court held a hearing on the Motion for Reconsideration and granted Keith Jeffries' Motion for Reconsideration, vacating the January 30, 2023 Order. (ECF Nos. 4-48; 4-52).

On May 1, 2023, the Court issued a new ruling on Deutsche Bank's Motion for Relief from the Automatic Stay. (May 18, 2023 Order at 1–7, ECF No. 4-64). The Court found that Keith and Emiko Jeffries had "engaged in a scheme to delay, hinder or defraud the Movant/Secured Creditor in its efforts to foreclose on the subject of property through a series of [five] bankruptcy filings affecting the subject property" since April 18, 2018. (Id. at 3). The Bankruptcy Court ordered that "the automatic stay of 11 USC 362 (a), as well as the Co-Debtor Stay of 11 U.S.C. Section 1301 (a) be, and they hereby are, CONDITIONED UPON the Debtor (and/or the Co-Debtor) making monthly mortgage payments to the Movant in the amount of $3,500.00 per month." (Id. at 3–4). The Court further ordered that to the extent Keith Jeffries defaults in making the monthly mortgage payments, Deutsche Bank may issue a Notice of Default and, if Jeffries does not cure the Notice of Default within twelve days, "the Secured Creditor shall be free to foreclose its security interest in the subject property upon the entry of an Order Granting it Relief from the Automatic Stay of 11 U.S.C. Section 362(a), as well as the Co-Debtor Stay of 11 U.S.C Section 1301(a)." (Id. at 4). The Bankruptcy Court further ordered that "upon the entry of any such Order granting the Movant/Secured Creditor Relief From the Automatic Stay of 11 U.S.C., as well as from the Co-Debtor Stay of 11 U.S.C. Section 1301(a), the Movant/Secured Creditor shall also be entitled to an equitable servitude against [the Property] for a period of two (2) years from the date of the entry of such Order." (Id. at 5). The Bankruptcy Court limited Keith Jeffries' right to cure to two opportunities and "upon the filing of a third Notice of Default under the terms of this Order; there shall be no further opportunity for the Debtor (and/or the Co-Debtor) to cure and the Secured Creditor shall thereafter be entitled to the entry of an Order Granting it Relief from Stay(s)." (Id. at 5–6).

Prior to the May 1, 2023 Order, Keith Jeffries had filed two Chapter 13 Plans in which he proposed to pay $0 per month for a term of 0 months, (1st Chapter 13 Plan at 2, ECF No. 4-19; 2d Chapter 13 Plan at 2, ECF No. 4-55). The Bankruptcy Court denied the first with leave to amend on February 28, 2023. (ECF No. 4-43). The Court held a Chapter 13 Plan Confirmation Hearing on September 12, 2023 regarding Keith Jeffries' second Chapter 13 Plan, which it denied. (September 12, 2023 Order at 1, ECF No. 4-72). The Bankruptcy Court ordered Keith Jeffries to file an amended Chapter 13 Plan on or before October 16, 2023, and notified him that "if within the time granted for amendment the Debtor does not file an Amended Plan, or if this case is not converted to a case under another chapter or voluntarily dismissed, then this case may be dismissed by the Court pursuant to 11 U.S.C. § 1307(c)(5) without further notice or hearing." (Id.). Jeffries submitted an Updated Plan on October 16, 2023, this time proposing to pay $3500 over 24 months,

(3d Chapter 13 Plan at 2, ECF No. 4-74), which Deutsche Bank objected to as inadequately funded and infeasible. (Am. Obj. of Deutsche Bank to Proposed Chapter 13 Plan at 1, ECF No. 4-75).

On March 12, 2024, the Bankruptcy Court issued an Order Denying the Confirmation of the Chapter 13 Plan proposed by Keith Jeffries without leave to amend for failure to conform with the requirements of 11 U.S.C. § 1325. (March 12, 2024 Order at 1, 4-82). The Bankruptcy Court ordered that "that if, within fourteen (14) days from the date of entry of this Order, this case is not converted to a case under another chapter or voluntarily dismissed, then this case may be dismissed by the Court pursuant to 11 U.S.C. § 1307(c)(5)) without further notice or hearing." (Id.). Keith Jeffries filed a Motion for Reconsideration, (ECF No. 4-84), which the Bankruptcy Court denied, (ECF No. 4-90). On April 25, 2024, the Bankruptcy Court dismissed Keith Jeffries' Chapter 13 case on the grounds that "[t]he Debtor has not properly prosecuted this action by electing to convert this Chapter 13 case to a case under another chapter or to dismiss within the time allowed by" the March 12, 2024 Order denying Keith Jeffries' proposed Chapter 13 Plan, and the Bankruptcy Court terminated the automatic stay imposed by 11 U.S.C. § 362(a). (April 25, 2024 Order at 1, ECF No. 4-92). Keith Jeffries filed an appeal of the Bankruptcy Court's April 25, 2024 Order dismissing the case to this Court, (ECF No. 4-97), along with a Motion to Reinstate the Automatic Stay, (ECF No. 11), and a Motion for Expedited Consideration of the Motion to Reinstate the Automatic Stay, (ECF No. 12). Keith Jeffries also filed a Motion to Reinstate the Automatic Stay and a Motion for Expedited Consideration of the Motion to Reinstate the Automatic Stay in the Bankruptcy Court. (See June 11, 2024 Order at 1–2, ECF No. 13-3).

**Standard of Review**

In an appeal from Bankruptcy Court, this Court reviews factual findings for clear error and conclusions of law de novo. Gold v. First Tenn. Bank Nat'l Ass'n (In re Taneja), 743 F.3d 423, 429 (4th Cir. 2014). A finding is clearly erroneous only if, after reviewing the record, the reviewing court is left with "a firm and definite conviction that a mistake has been committed." Klein v. PepsiCo, Inc., 845 F.2d 76, 79 (4th Cir. 1988). A bankruptcy court's decision to lift the automatic stay is reviewed under an abuse of discretion standard. Combs v. FV-1, Inc., No. MJG-13-3734, 2013 WL 6662729, at *3 (D.Md. Dec. 16, 2013) (quoting McDow v. Official Comm. Of Equity Sec. Holders of Criimi Mae, Inc., 247 B.R. 146, 151 (D.Md.1999)).

The Court interprets self-represented appellant Keith James Jeffries' Motion to Reinstate the Automatic Stay as one under Bankruptcy Rule 8007. Under Bankruptcy Rule 8007, a United States District Court may stay a Bankruptcy Court order pending appeal. Fed.R.Bankr.P. 8007. The party seeking such a stay bears the burden of demonstrating: (1) likelihood of success on the merits of the appeal; (2) irreparable harm if the stay is denied; (3) that other parties will not be substantially harmed by the stay; and (4) that granting the stay serves the public interest. Long v. Robinson, 432 F.2d 977, 979 (4th Cir. 1970). A court determines whether to grant a stay pending appeal through "a balancing of the factors." Id. at 981. Typically, a party must first seek a stay pending appeal from the Bankruptcy Court; however, Rule 8007(b)(2)(A) allows a party to seek a stay from the district court provided the motion "show[s] that moving first in the bankruptcy court

would be impracticable," sets forth the reasons to grant the requested relief, and attaches supporting documentation and relevant portions of the record. Here, Keith Jeffries complied with the requirements of Rule 8007(a) and sought a stay initially from the Bankruptcy Court, which deferred consideration of the Motion to this Court. (June 11, 2024 Order at 1–2, ECF No. 13-3).

**Analysis**

As an initial matter, to the extent Keith Jeffries argues that he is entitled to an automatic stay upon appeal of a Bankruptcy Court's decision, he is incorrect. "The automatic stay afforded by the Bankruptcy Code against lawsuits and lien enforcement continues only until the case is dismissed." In re Kilgore, No. 201CV70377, 2001 WL 848587, at *1 (W.D.Va. July 29, 2001) (citing 11 U.S.C.A. § 362(c)(2)). The automatic stay that applied to Keith Jeffries' Chapter 13 case terminated when the Bankruptcy Court dismissed the case. Thus, there is currently no automatic stay in effect that would prevent the scheduled foreclosure sale.

Turing to the merits of the Motion, Keith Jeffries does not sustain his burden of proof. Even if the Court assumes that allowing the foreclosure sale to go forward would cause Keith Jeffries irreparable harm,[2] he has not met any of the other factors for injunctive relief. First, he has not demonstrated that he is likely to succeed on the merits of his appeal. The movant must make a "strong showing" of likely success on appeal, Nken v. Holder, 556 U.S. 418, 434 (2009). Even interpreting Keith Jeffries' filings generously, as this Court must, the Court finds that he has not shown that he is entitled to a stay. Keith Jeffries does not assert any discernable legal basis for the appeal but takes issue with the Bankruptcy Court "focusing excessively" on his need to have a lawyer, placing him on a payment plan only to "spontaneously dismiss" his case, and prematurely dismissing his case before he had the opportunity to "have a single issue adjudicated." (Appellant's Br. at 5–6, ECF No. 10). The Court finds that none of these arguments has merit. The dismissal was far from "spontaneous;" the Bankruptcy Court notified Keith Jeffries several times of his need to correct his Chapter 13 Plan and warned him that, absent correction, his case would be dismissed. (February 28, 2023 Order at 1, ECF No. 4-43; September 12, 2023 Order at 1, ECF No. 4-72). The Bankruptcy Court held multiple hearings and gave Keith Jeffries many opportunities to present his case. (See February 28, 2023 Order at 1; September 12, 2023 Order at 1).

Importantly, the Bankruptcy Court made a finding that Keith and Emiko Jeffries had "engaged in a scheme to delay, hinder or defraud the Movant/Secured Creditor in its efforts to foreclose on the subject of property through a series of [five] bankruptcy filings affecting the subject property." (May 18 2023 Order at 3, ECF No. 4-64). The repeated filings indicate that neither Keith Jeffries' bankruptcy case nor his Chapter 13 plan were filed in good faith, as required

---

[2] See In re Foreclosure by McNeely v. Moab Tiara Cherokee Kituwah Nation Chief, No. 3:08-CV-293, 2008 WL 2679975, at *1 (W.D.N.C. June 26, 2008); see also In re Timmons, 479 B.R. 597, 610 (Bankr. N.D. Ala. 2012) ("If the defendant were allowed to foreclose on the debtor's home, the debtor would suffer irreparable injury as a foreclosure would prevent the debtor from rehabilitating the mortgage in a Chapter 13 case.").

4

by 11 U.S.C. § 1325(a)(3). The Jeffries' numerous deficient filings suggest that they have been abusing the "spirit of the bankruptcy laws as well as the automatic stays and co-debtor stays granted by those laws." Ekweani v. Thomas, 574 B.R. 561, 569–70 (D.Md. 2017) (denying appeal of Bankruptcy Court's Chapter 13 plan denial in large part because appellants were "serial filers" who did not propose Chapter 13 Plan in good faith); see also Byrd v. Johnson, No. AW-05-2389, 2006 WL 8456976, at *3 (D.Md. Dec. 6, 2006) (denying motion for stay pending appeal where the record reflected that appellants had engaged in tactics to delay the liquidation of their real property). Accordingly, the Court finds that Jeffries has not demonstrated a likelihood of success on appeal.

As to the third factor, Keith Jeffries has not shown that Deutsche Bank will not be substantially harmed by a stay pending appeal. Granting a stay pending appeal will injure the creditors here because it will delay the payments owed to them by Keith Jeffries. Thus, the balance of equities falls with the Appellee trustee, who needs to administer the estate and pay the creditors. Rose v. Logan, No. BR 12-25471-RAG, 2014 WL 3616380, at *4 (D.Md. July 21, 2014); see also Long, 432 F.2d at 981 (determining that the defendant could not prolong the sale any longer in the face of harming the other party).

Finally, the public interest does not favor a stay. The public has an interest in "efficiently resolving cases." Jalali v. Pierce Assocs., Inc., No. CIV. WDQ-11-1069, 2011 WL 3648284, at *3 (D.Md. Aug. 11, 2011); see also In re Frascella Enters., Inc., 388 B.R. 619, 629 (Bankr.E.D.Pa. 2008) (noting that the public interest in "prompt and fair resolution of bankruptcy cases" is not served by "further delay while [a party] pursues an interlocutory appeal to the District Court"). A stay would result in further delays of this already prolonged case.

**Conclusion**

For the foregoing reasons, Keith Jeffries' Motion for Expedited Consideration of the Motion to Reinstate the Automatic Stay (ECF No. 12) is GRANTED and Keith Jeffries' Emergency Motion to Reinstate the Stay (ECF No. 11) is DENIED. The Clerk is further directed to MAIL a copy of this Order to Keith Jeffries. Despite the informal nature of this memorandum, it shall constitute an Order of the Court, and the Clerk is directed to docket it accordingly.

/s/
George L. Russell, III
United States District Judge