IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KEITH JAMES JEFFRIES, | * | |
| Appellant, | * | |
| v. | * | Civil Action No. GLR-24-01317 |
| | | (Related Case: GLR-24-1455) |
| REBECCA A. HERR, | * | |
| Appellee. | * | |

***

# MEMORANDUM OPINION

THIS MATTER is before the Court on the Appeal noted by Self-Represented Appellant Keith Jeffries from an Order of the United States Bankruptcy Court for the District of Maryland (the "Bankruptcy Court") dismissing his Chapter 13 case and terminating the automatic stay imposed by 11 U.S.C. § 362(a). The Appeal is fully briefed, and no oral argument is necessary. See Fed.R.Bankr.P. 8019. For the reasons stated below, the Bankruptcy Court's decision to dismiss this case and terminate the automatic stay is affirmed.

## I.   BACKGROUND

### A.   Factual Background

The Court previously summarized the factual background of this case and need not reproduce it in full here. (June 13, 2024 Letter Order at 1–3, ECF No. 14).[1] In relevant part, Jeffries, proceeding as self-represented, filed an initial Chapter 13 plan on October 17,

---

[1] The Court incorporates the background in this Opinion.

1

2022 in the Bankruptcy Court. (1st Chapter 13 Plan, ECF No. 4-19). On October 27, 2022, the PHH Mortgage Corporation, which formally identifies the secured party in its claim as Deutsche Bank National Trust Company ("Deutsche Bank"), filed a proof of claim for the mortgage on 1310 Mayflower Drive, Bel Air, Maryland (the "Property"), which indicates arrears of $453,526.19. (Oct. 27, 2022 Obj. at 1, ECF No. 4-22).[2] After holding a Confirmation Hearing, on February 28, 2023, the Bankruptcy Court denied Jeffries' Chapter 13 Plan with leave to amend after determining that the Plan failed to comply with 11 U.S.C. § 1325. (Feb. 28, 2023 Order at 1, ECF No. 4-43). On April 17, 2023, Jeffries filed an Amended Plan. (1st Am. Chapter 13 Plan, ECF No. 4-55). On May 4, 2023, Deutsche Bank filed an objection stating that the Plan failed to ensure adequate protection or adequate security according to Sections 362 and 1325 (a) of the Bankruptcy Code. (May 3, 2023 Am. Obj. at 1, ECF No. 4-61).

After holding another Confirmation Hearing, on September 12, the Bankruptcy Court denied Jeffries' Chapter 13 Plan with leave to amend after determining that the Plan failed to comply with 11 U.S.C. § 1325. (Sept. 12, 2023 Order at 1, 4, ECF No. 4-72). On October 16, 2023, Jeffries filed an Amended Chapter 13 Plan, this time with payments of $3,500 per month for 24 months. (2d Am. Chapter 13 Plan at 2, ECF No. 4-74). On October 27, 2023, Deutsche Bank filed another objection, again claiming that Jeffries' Amended Plan failed to provide it with adequate protection or adequate security according to Sections 362 and 1325 (a) of the Code. (Oct. 27, 2023 Am. Obj., ECF No. 4-75).

---

[2] Citations to the record refer to the pagination assigned by the Court's Case Management/Electronic Case Files ("CM/ECF") system.

On March 12, 2024, the Bankruptcy Court issued an Order Denying the Confirmation of the Chapter 13 Plan proposed by Jeffries without leave to amend for failure to conform with the requirements of 11 U.S.C. § 1325. (Mar. 12, 2024 Order at 1, ECF No. 4-82). The Bankruptcy Court ordered that "if, within fourteen (14) days from the date of entry of this Order, this case is not converted to a case under another chapter or voluntarily dismissed, then this case may be dismissed by the Court pursuant to 11 U.S.C. § 1307(c)(5)) without further notice or hearing." (Id.). On March 22, 2024, Jeffries filed a Motion for Reconsideration, (ECF No. 4-84), which the Bankruptcy Court denied on April 9, 2024, (ECF No. 4-90).

On April 25, 2024, the Bankruptcy Court terminated the automatic stay imposed by 11 U.S.C. § 362(a) and dismissed Jeffries' Chapter 13 case on the grounds that "[t]he Debtor has not properly prosecuted this action by electing to convert this Chapter 13 case to a case under another chapter or to dismiss within the time allowed by" the March 12, 2024 Order denying Jeffries' proposed Chapter 13 Plan. (Apr. 25, 2024 Order at 1, ECF No. 4-92).

B.   **Procedural History**

Jeffries filed an appeal of the Bankruptcy Court's April 25, 2024 Order dismissing the case to this Court, (ECF No. 4-97), along with an Emergency Motion to Reinstate the Automatic Stay, (ECF No. 11), and a Motion for Expedited Consideration of the Motion to Reinstate the Automatic Stay, (ECF No. 12). This Court denied the Emergency Motion on June 11, 2024. (ECF No. 14). Jeffries filed an Appellant's Brief on June 26, 2024. (ECF No. 15). The Trustee filed an Appellee's Brief on July 5, 2024. (ECF No. 16).

## II.     DISCUSSION

A.     <u>Standard of Review</u>

In an appeal from Bankruptcy Court, this Court reviews factual findings for clear error and conclusions of law de novo. <u>Gold v. First Tenn. Bank Nat'l Ass'n (In re Taneja)</u>, 743 F.3d 423, 429 (4th Cir. 2014). A finding is clearly erroneous only if, after reviewing the record, the reviewing court is left with "a firm and definite conviction that a mistake has been committed." <u>Klein v. PepsiCo, Inc.</u>, 845 F.2d 76, 79 (4th Cir. 1988). Additionally, courts "liberally construe[]" filings by self-represented litigants and hold those filings to a "less stringent standard[]" than filings drafted by lawyers. <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007) (quoting <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976)).

B.     <u>Analysis</u>

### 1.     **Failure to Voluntarily Dismiss or Convert**

The core legal issue before this Court on review is whether the Bankruptcy Court clearly erred in entering an Order dismissing the case following Jeffries' failure to voluntarily dismiss or convert his Chapter 13 bankruptcy plan. For the reasons stated below, the Court finds the Bankruptcy Court properly dismissed Jeffries' case.

Jeffries contends that the Bankruptcy Court erred in dismissing his Chapter 13 case. (Appellant's Br. at 11, 16, ECF No. 15). Section 1307(c) of the Bankruptcy Code grants the Bankruptcy Court wide discretion to either dismiss or convert a plainly insufficient Chapter 13 plan. See <u>Dailey v. Thomas</u>, No. ELH-16-3065, 2017 WL 1093277, at *7–8 (D.Md. Mar. 23, 2017) (citing 11 U.S.C. § 1307(c)(5)). Under 11 U.S.C. § 105(a), the Bankruptcy Court has the power to "issue any order, process, or judgment that is

necessary . . . to carry out the provisions of this title" which ultimately empowers the court to dismiss cases for failure to comply with the Bankruptcy Code. Section 105 further provides that the court may, "sua sponte, tak[e] any action or mak[e] any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." 11 U.S.C. § 105(a). "'Any action' includes dismissal." See Mustafa v. Branigan, No. PJM 16-3828, 2017 WL 2634153, at *2 (D.Md. June 16, 2017).

As stated, on March 12, 2024, the Bankruptcy Court issued an Order Denying the Confirmation of the Chapter 13 Plan proposed by Jeffries without leave to amend for failure to conform with the requirements of 11 U.S.C. § 1325. (Mar. 12, 2024 Order at 1, ECF No. 4-82). The Bankruptcy Court ordered that "if, within fourteen (14) days from the date of entry of this Order, this case is not converted to a case under another chapter or voluntarily dismissed, then this case may be dismissed by the Court pursuant to 11 U.S.C. § 1307(c)(5)) without further notice or hearing." (Id.). Jeffries did not convert the case nor did he voluntarily dismiss. The Bankruptcy Court accordingly dismissed the case.

As the record reflects, the Bankruptcy Court did not abuse its discretion in dismissing this matter. Indeed, the Bankruptcy Court gave Jeffries ample opportunity to either convert the plan or voluntarily dismiss. (See, e.g., Mar. 1, 2023 Order at 1, ECF No. 4-43; Sept. 12, 2023 Order at 1, ECF No. 4-72; March 12, 2024 Order at 1, ECF No. 4-82). Jeffries did neither. Accordingly, because the Bankruptcy Court denied the Chapter 13 Plan, the Bankruptcy Court properly dismissed the action. See Campbell v. U.S. Bank Nat'l Ass'n, No. PWG-20-2090, 2021 WL 1216591, at *3 (D.Md. Mar. 31, 2021) (recognizing that bankruptcy courts may "establish a deadline for compliance and dismiss a case for

failure to comply by the prescribed deadline after the inability of the Debtor to meet her burden of proposing a confirmable Plan."). Jeffries gives this Court no reason to upset this sound decision.

Nor was dismissal premature. Rather, as Appellee notes, Jeffries "filed his voluntary case on September 19, 2022, and it was not dismissed until April 25, 2024—which is a total of 19 months." (Appellee's Br. ¶ 30, ECF No. 16). In that time, the "record on appeal is replete with Notices of Hearings, the mailing of these notices by the Bankruptcy Noticing Center (BNC) and multiple hearings in this voluntary proceeding." (Id.). Additionally, the Bankruptcy Court found that Jeffries appears to have "engaged in a scheme to delay, hinder or defraud the Movant/Secured Creditor in its efforts to foreclose on the subject of property through a series of multiple bankruptcy filings affecting the subject property." (May 18, 2023 Order at 1–7, ECF No. 4-64). Accordingly, the Bankruptcy Court properly dismissed Jeffries' case.[3]

## 2. Sixth Amendment

Jeffries also alleges his counsel engaged in "blatant misconduct." (Appellant's Br. at 15). To the extent Jeffries attempts to raise a constitutional argument, the Sixth Amendment Right to Counsel does not attach to civil actions. Childress v. City of Charleston Police Dep't, 706 F.App'x 814 (4th Cir. 2017). Instead, the "remedy for any

---

[3] The Bankruptcy Court committed no clear error by lifting the automatic stay after it dismissed Jeffries' Chapter 13 case. See 11 U.S.C. § 362(c)(2) ("[T]he stay . . . continues until the earliest of—". . . . (A) the time the case is closed; (B) the time the case is dismissed; or (C) the case is a case under chapter 7 of this title concerning an individual or a case under chapter 9, 11, 12, or 13 of this title, the time a discharge is granted or denied").

inadequate representation by counsel lies in a malpractice action against counsel, not a reversal of the district court's judgment." Id. As a result, the Court will not disturb the careful reasoning of the Bankruptcy Court on this basis.

### 3. The Lien Held by Deutsche Bank

Jeffries also challenges the validity of the lien held by Deutsche Bank. (Appellant's Br. at 10, 12). Jeffries contends that he has raised this issue before, which Appellee contests. (Compare Appellant's Br. at 10, with Appellee's Br. at 10). In any event, even if Jeffries had previously raised this issue, the outcome remains the same because "[v]alid liens existing at the time of the commencement of a bankruptcy proceeding are preserved." (Appellee Br. at 10) (quoting In re Essex Constr., LLC, 591 B.R. 630, 635 (Bankr.D.Md. 2018)). Accordingly, the lien remains valid.

### 4. The Tenants by the Entirety Exemption

Jeffries additionally challenges that the creditor has no right to the Property because of the tenancy by the entirety exception. (Appellant's Br. at 10). The Court rejects this argument for the reasons stated below.

A debtor's filing of a Chapter 13 petition creates a bankruptcy estate "comprised of . . . all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a); Bunker v. Peyton (In re Bunker), 312 F.3d 145, 150 (4th Cir. 2002). "Section 541 includes in the bankruptcy estate a debtor's interest in entireties property" held at the commencement of the case. Cordova v. Mayer (In re Cordova), 73 F.3d 38, 40 (4th Cir. 1996).

After a bankruptcy estate is created, a debtor may exempt certain property from the estate. See 11 U.S.C. § 522(b) (allowing debtor to claim exemptions provided by state or federal law). The bankruptcy trustee, as well as creditors, may file objections to a debtor's claimed exemptions. See Fed.R.Bankr.P. 4003(b). Unless a party objects "within 30 days after the meeting of creditors held under § 341(a) is concluded," Fed.R.Bankr.P. 4003(b)(1), "the property claimed as exempt . . . is exempt." 11 U.S.C. § 522(l).

Exempted property is not property of the bankruptcy estate, and therefore it is not available to satisfy the debtor's obligations. In re Bunker, 312 F.3d at 151; see also 11 U.S.C. § 522(c) (absent special circumstances, exempted property "is not liable during or after the case for any debt of the debtor that arose . . . before the commencement of the case."). Rather, "[i]t is widely accepted that property deemed exempt from a debtor's bankruptcy estate revests in the debtor." In re Smith, 235 F.3d 472, 478 (9th Cir. 2000); see Owen v. Owen, 500 U.S. 305, 308 (1991) (noting that an exempted interest in property is "withdrawn from the estate (and hence from the creditors) for the benefit of the debtor.").

Generally, a debtor may elect one of two alternative schemes of exemption: (1) the debtor may claim the specific federal exemptions listed in § 522(d), or (2) the debtor may claim "the exemptions permitted under (i) state law, (ii) general (nonbankruptcy) federal law, and (iii) § 522(b) ([3]) (B)." In re Bunker, 312 F.3d at 151. See 11 U.S.C. § 522(b)(1)–(3). States, however, may opt out of the specific federal exemptions provided in the first alternative. 11 U.S.C. § 522(b)(2); see, e.g., Schlossberg v. Barney, 380 F.3d 174, 178 (4th Cir. 2004). Maryland, like most states, has opted out of the specific federal exemptions, thereby restricting its debtor citizens like Appellant to the second alternative. Md. Code

8

Ann., Cts. & Jud. Proc. § 11–504(g); Schlossberg, 380 F.3d at 178. A debtor in Maryland may therefore claim exemptions provided under state law, federal nonbankruptcy law, and the specific exemption provided in § 522(b)(3)(B).

Here, Jeffries claimed the Subject Property as exempt under Md Code Ann., Cts & Jud. Proc. § 11-504 (b)(5). (Official Form 106C at 13, ECF No. 4-18). Assuming without deciding that Jeffries properly claimed the exception, Deutsche Bank timely objected (see, e.g., Oct. 27, 2023 Am. Obj.), and the Bankruptcy Court dismissed the matter because of Jeffries' ultimate failure to convert or dismiss, (Apr. 25, 2024 Order at 1). The Court finds no error with the Bankruptcy Court's decision.[4]

---

[4] Throughout his brief, Jeffries levels accusations against the Bankruptcy Judge and the legal system at large. For instance, Jeffries asserts that he was ill during some portion of his case, that the Bankruptcy Judge knew of his illness because it "was obvious to anyone who observed him," and that the Bankruptcy Judge placed items on the docket in a confusing way to "conceal information" from Jeffries. (See Appellant's Br. at 15). The Court finds these arguments incredible. The record is replete with several hearings over nineteen months at which Jeffries could have raised these issues, and doing so now is both improper and untimely. See In re Clemons, No. 23-46569, 2024 WL 4656920, at *4 (Bankr.E.D.Mich. Nov. 1, 2024) ("[T]here is . . . nothing unusual about a bankruptcy debtor suffering from a health condition. Neither their financial difficulties, nor the Debtor['s] . . . health condition, prevented the Debtors from . . . filing for bankruptcy. 'Once [debtors] . . . have invoked the benefits and protections of the Bankruptcy Code (including the automatic stay), they then have an obligation to comply with the Bankruptcy Code's requirements that go along with those benefits and protections.'" (quoting In re Milberg, 655 B.R. 825, 831 (Bankr.S.D.Fla. 2023))). At bottom, Jeffries has failed to draw any of the Bankruptcy Judge's orders or actions into question, and the Court will affirm the dismissal.

### III.   CONCLUSION

The Court affirms that the Bankruptcy Court properly dismissed Jeffries' case and lifted the automatic stay. A separate Order follows.

Entered this 27th day of January, 2025.

/s/
George L. Russell, III
Chief United States District Judge
